IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CINDY M. LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-1233-MLB-DWB |
| | ) |
| PATTERSON DENTAL SUPPLY, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Amend Complaint. (Doc. 10.) Defendant has responded in opposition (Doc. 15) and Plaintiff has replied (Doc. 16). After a careful review of the submissions of the parties, including Plaintiff's EEOC charge and proposed Amended Complaint, the Court is prepared to rule.

## **BACKGROUND**

Plaintiff filed her EEOC charge of discrimination on August 18, 2008, alleging sex discrimination and retaliation. (Doc. 15-1.) Specifically, she alleged she was sexually harassed by a customer and retaliated against by her employer after reporting the incident, ultimately leading to the termination of her employment. (*Id.*) On July 29, 2009, Plaintiff filed her federal court Complaint,

bringing claims against her former employer for sex discrimination and retaliatory termination. (Doc. 1.)

The Court entered its Scheduling Order on September 30, 2009, which contained a October 23, 2009, deadline to amend the pleadings. (Doc. 9, at 6.) On October 16, 2009, prior to the Court's deadline, Plaintiff moved the Court for an Order allowing her to file an Amended Complaint. (Doc. 10.) Plaintiff's proposed Amended Complaint includes a claim for sexual harassment by her former supervisor, Mr. Pat Crowley. (Doc. 10-1.) No such allegations were contained in her EEOC charge. (Doc. 15-1.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993). A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion

to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 at 642 (1990). Leave to allow amendment is, however, within the court's sound discretion. *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983).

In the matter before the Court, Defendant argues that Plaintiff's proposed amendment is futile. Thus, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss. In light of the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) and *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Tenth Circuit recently restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). The Court now looks at what is described as a "plausibility" standard. *Id. See also, Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This Court has held that under the restated standard,

> [t]he court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to 'state a claim to relief that is plausible on its face,' *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, ____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319,

3

> 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S.Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). Viewed as such, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.' *Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**Raytheon Aircraft Co. v. U.S.**, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007). The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. **Pekareck v. Sunbeam Products**., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that the proposed amendment is "procedurally and jurisdictionally barred for the simple reason that plaintiff failed to exhaust administrative prerequisites with respect to" a claim for workplace sexual harassment by her former supervisor. (Doc. 15, at 2.) Plaintiff replies that her EEOC Complaint mentioned harassment by a customer and therefore "should have

4

prompted an investigation into the alleged [workplace] harassment." (Doc. 16, at 4.)

The Court cannot agree with Plaintiff's position. It is undisputed that the exhaustion of available administrative remedies is a jurisdictional prerequisite to brining a suit in federal court. *Davidson v. America Online, Inc*., 337 F.3d 1179, 1183 (10th Cir. 2003). The case law cited by Defendant persuasively establishes that "'a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination.'" (Doc. 15, at 5, citing *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497 503 (7th Cir. 1994); *Alston v. U-Haul Co. of Kansas, Inc*., No. 06-2403-CM, 2007 WL 1412672, at *2 (D. Kan. May 10, 2007) (holding that claims of discrimination and harassment not reasonably related to complaints of harassment); *Zartman v. Coffey County Hosp*., 03-2567-GTV, 2004 WL 877667 (D. Kan. April 22, 2004)(holding that claims of sexual discrimination are not reasonably related to EEOC charge containing allegations of hostile work environment); *Smith v. Bd. of County Comm'rs*, 96 F.Supp.2d 1177, 1186 (D.Kan. 2000)(finding that causes of action for hostile work environment and retaliation are unrelated to claims of age discrimination in EEOC charge)). Defendant is correct in asserting that Plaintiff's "claim of discrimination on the basis of her sex, as alleged in her EEOC Charge, is not reasonably related to her

sexual harassment claim" contained in her proposed Amended Complaint. (Doc. 15, at 5.)

Further, the Court is not persuaded by Plaintiff's contention that facts contained in the EEOC questionnaire filled out by Plaintiff "should have prompted an investigation into the alleged harassment." (Doc. 16.) The facts contained in the questionnaire specifically refer to harassment at the hands of a "customer." (Doc. 16-1,a t 2.) There is nothing even remotely inferring harassment by any of Defendant's employees. The Court cannot agree that allegations of harassment by a *customer* reasonably would have lead Defendant and/or the EEOC to investigate for potential workplace harassment.[1] It is not the responsibility of Defendant or the EEOC to guess what additional claims Plaintiff could possibly allege. Rather, it was Plaintiff's responsibility to include all relevant claims in her EEOC charge. Simply stated, the new facts contained in Plaintiff's proposed Amended Complaint are not "'like or reasonably related to the allegations of the EEOC charge . . .'" *Ingels v. Thiokol Corp*., 42 F.3d 616, 625 (10th Cir. 1994) (internal citation omitted).

---

[1] This is particularly true where the events occurred during different time frames. The harassment by the customer is alleged to have commenced in September 2007 (Doc. 16-1 at 2), whereas the harassment by the supervisor is alleged to have occurred "throughout plaintiff's employment" which began on October 21, 2001. (Doc. 10-1 at ¶¶ 7-8.)

6

Based on the record, and even viewing all reasonable inferences from the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff failed to exhaust the necessary administrative remedies relating to her proposed claim for workplace sexual harassment by her former supervisor. Her proposed amendment is, therefore, futile and her motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 10) is **DENIED**.

Dated at Wichita, Kansas, on this 20th day of November, 2009.

 s/ DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge